IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONNIE RICHARDSON, #142585, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-CV-387-WKW |
| | ) | [WO] |
| | ) | |
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Ronnie Richardson ["Richardson"], an Alabama inmate presently confined at the West Carroll Detention Center in Epps, Louisiana.[1]  In this complaint, Richardson challenges the constitutionality of a conviction imposed upon him by the Circuit Court of Montgomery County, Alabama for violation of the Alabama Community Notification Act, *Ala. Code* 1975 § 15-20-20 et seq. (1975, as amended).  Richardson names the State of Alabama, Tracy S. McCooey, the state judge who presided over his criminal proceedings, Eleanor Brooks, the district attorney for Montgomery County, and Troy King, the Attorney General for the State of Alabama, as defendants.  Richardson requests that this court "overturn [his] conviction and suspend [his] sentence with declaration from this Court of, 'illegal sentence' brought by 'unconstitutional conviction pursuant intervening change in law, Alabama Community

---

[1]The West Carroll Detention Center is a correctional facility operated by a private corporation to which the Alabama Department of Corrections has transferred inmates for imprisonment.

Notification Act.'" *Plaintiff's Complaint* at 6. Richardson also seeks monetary damages. *Id.*

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## I. DISCUSSION

### A. The State of Alabama

The State of Alabama is immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986). Moreover, "a State is not a 'person' within the meaning of § 1983 . . ." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989). Thus, Richardson's claims against this defendant are "based on an indisputably meritless legal theory" and are due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

### B. Claims Against Judge Tracy S. McCooey

Richardson argues that Judge McCooey violated his constitutional rights during the criminal proceedings related to his conviction for violating the provisions of the Alabama Community Notification Act. Specifically, Richardson argues that "Judge McCooey

---

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

imposed a 'ten year' sentence for a crime *never* committed and imprisoned an actually innocent man." *Plaintiff's Complaint* at 4. The claims against Judge McCooey entitle Richardson to no relief in this cause of action.

    1. <u>The Request for Monetary Damages</u>. It is clear that all of the allegations made by the plaintiff against Judge McCooey emanate from actions taken by this defendant in her judicial capacity during state court proceedings over which she had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to her judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, the plaintiff's claims for monetary damages against Judge Tracy S. McCooey are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327.

    2. <u>The Request for Declaratory Relief</u>. To the extent Richardson seeks declaratory relief from adverse decisions issued by Judge McCooey in the state criminal proceedings over which this defendant presided, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, ___, 126 S.Ct. 1198,

1199 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar

Richardson from proceeding before this court as this case is "brought by [a] state-court

loser[] complaining of injuries caused by state-court judgments rendered before the district

court proceedings commenced and inviting district court review and rejection of those

judgments.  544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at ___, 125 S.Ct. At

1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal

district courts "do not have jurisdiction ... over challenges to state court decisions in

particular cases arising out of judicial proceedings even if those challenges allege that the

state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either

to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d

252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state

court is merely a prohibited appeal of the state court judgment); *see also Rolleston v.

Eldridge*, 848 F.2d 163 (11th Cir. 1988).

   In light of the foregoing, the court concludes that dismissal of Richardson's request

for declaratory relief with respect to actions undertaken by Judge McCooey during

proceedings related to his conviction for violation of the Alabama Community Notification

Act is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. State of Georgia

Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

## C.  Claims Against Eleanor Brooks and Troy King

   Richardson challenges the constitutionality of actions undertaken by District Attorney

Eleanor Brooks with respect to the initiation and prosecution of charges for his violation of

4

the Alabama Community Notification Act, as amended.  *Plaintiff's Complaint* at 4.  He also complains that the Attorney General Troy King "knew or should have known as chief legal officer ... that a test for constitutionality [with respect to the Alabama Community Notification Act] was mandatory, and if ... not carried out, that the state prosecutors would illegally use the 'Notification Act' and charge persons 'not liable' to the 'Act' or legally punishable to the offense."  *Id* at 5.  It is clear from the complaint that the claims made against defendants Brooks and King emanate from their representation of the State with respect to the criminal proceedings initiated against Richardson before the Circuit Court of Montgomery County, Alabama.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence.  *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)."  *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages....  [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions.  To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In

> *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128
> (1976), the Supreme Court held that a prosecutor is absolutely
> immune from civil suit for damages under section 1983 for
> actions taken "in initiating a prosecution and in presenting the
> State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11ᵗʰ Cir. 1988).

The actions of defendants Brooks and King about which the plaintiff complains relate to the role each of these defendants undertakes "as an 'advocate' for the state" and such actions were "intimately associated with the judicial phase of the criminal process." *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11ᵗʰ Cir. 1998) (citations omitted). Defendants Brooks and King are therefore "entitled to absolute immunity for that conduct." *Id.* Thus, Richardson's request for damages against Eleanor Brooks and Troy King lacks an arguable basis and is therefore subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke*, 490 U.S. at 327. As previously determined, the plaintiff is entitled to no declaratory or injunctive relief for any adverse action taken during the state court proceedings related to his conviction before the Circuit Court of Montgomery County, Alabama.

### D.  The Challenges to Plaintiff's Conviction

Richardson attacks the validity of the conviction and sentence imposed upon him by the Circuit Court of Montgomery County, Alabama for violation of the Community Notification Act. Specifically, Richardson argues that the state court imposed "sentence for a crime never committed and imprisoned an actually innocent man." *Plaintiff's Complaint* at 4. He asserts that "Alabama convicted illegally and sentence illegally an innocent man....

6

No crime has been committed and the Petitioner is being punished twice for the same offense by law promulgated and enacted after the offense." *Id*. at 5.  Richardson further argues that the statute under which he was convicted is unconstitutional.  These claims go to the fundamental legality of Richardson's conviction and resulting sentence.  Consequently, they provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must thisefore be dismissed.  512 U.S. at 483-489.  Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  512 U.S. at 487.  The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  512 U.S. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.    In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been

7

invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649.

The claims presented in the instant complaint challenge the constitutionality of a conviction and sentence imposed upon Richardson by the Circuit Court of Montomgery County, Alabama. A judgment in favor of Richardson on these claims would necessarily imply the invalidity of this conviction and sentence. It is clear from the complaint that the conviction and sentence about which Richardson complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the conviction imposed upon Richardson for his violation of the Alabama Community Notification Act is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against the State of Alabama, Judge Tracy S.

8

McCooey, Eleanor Brooks and Troy King be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2.  The plaintiff's challenge to the constitutionality of the conviction and sentence imposed upon him by the Circuit Court of Montgomery County, Alabama for violation of the provisions of the Alabama Community Notification Act be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time.

3.  This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before May 23, 2007 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also*

9

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding

precedent all decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

Done this 10th day of May, 2007.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

10