IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RONNIE RICHARDSON**<br>**Plaintiff,**<br><br>V.<br><br>**STATE OF ALABAMA ET. AL.**<br>**Defendants,** | (<br>(<br>(<br>(  Civil Action No : 2:07 CV 387<br>(<br>(<br>(<br>( |

## OBJECTION IN SUPPORT OF 42 U.S.C. 1983

Comes now, Ronnie Richardson, Pro se and move this Honorable Court to vacate the order and charge in the above numbered case for the following listed below.

## STATEMENT OF FACTS

Richard was convicted on Dec 06, 1985, of the offense of Rape I, Burglary I, in the Circuit Court of Montgomery County, Alabama, and was sentenced to a term of 30 years with all convictions to be served concurrent. This new sentence and conviction does not apply. Richardson was not sentenced under this statute. **Community Notification Act 15-20-1** and **15-20-34 Code of Alabama 1975**. This is a miscarriage of justice by this Honorable Court and the State.

## ISSUES REPRESENTED FOR REVIEW

Your Plaintiff states this court is misapplying the law in the case at bar, under Heck, the relevant inquiry is "Whether a Judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," **521 U.S. At 487**, no crime has been

1

committed and the Petitioner is being punished twice for the same offense by law promulgated and enacted after the offense, **Heck V. Humphrey**, **512 U.S. 477 (1994)**, this case does not apply. The plaintiff does not want any money damages, this was a grave error on his part, he is attacking the new sentence and conviction which is illegally applied to him. Legislative intent did not provide the rendering that all convictions both past and present will be imposed that there was a effective date, to wit; May 26, 1996. Richard seeks the dismissal of the new sentence due to the fact that the amendment creates a liberty interest, where there was nothing incorporated in the statute at the time of sentence, nor was there any due process rights established during the enacting of the Sexual Offender Notification Act. Thus Richard cannot be extended punishment beyond the scope of punishment, which was legally imposed at the time of his conviction. This court and State has violated plaintiffs Fundamental Rights under Due Process Law and Equal Protection of State and Federal Law.

## JURISDICTION

The provisions of the community notification registration as defined by **Code of Alabama (1975) 15-20-1 Acts 1996, No 96-793** and it's successors do not and can not be applied to his past or new charge and conviction. Plaintiffs sentence by conviction carried nothing by Judge's order, nor did it list any Notification Requirements and Registration. The ex-post facto clause forecloses retroactive application of a law that inflicts a greater punishment than the law annexed to the crime when committed. The Double Jeopardy Clause forbids multiple punishments for the same offense. **United States V. Halper**, **470 U.S. 435, 104 L. ED 2D. 487 109 S. Ct. 1192 (1989).**

This Honorable Court has jurisdiction to render a decision in this cause, under the following authority; the Supreme Court held that for Federal Constitutional purposes, any law which is passed after the commission of an offense for which an accused person is

tried is Ex Post Facto law when it inflicts a greater punishment than the law annexed to the crime at the time it was committed, prescribed by sovereign authority before the imputed offense was committed, "OR" by some law passed afterward by which the punishment is not increased, in **RE Medley (1890) 134 U.S. 360, 33 L. ED. 835, 10 S. Ct. 384**.

### CERTIFICATE OF SERVICE

I hereby certify that the above mention case law and authorities is true and correct to the best of my knowledge and belief I swear under the Penalty and Perjury the foregoing was mailed to the below listed parties by placing the same in a prepaid postage and properly addressed envelope and depositing the same in the U.S. Mail on this __21__ day of __MAY__, 2007.

Respectfully Submitted,

*Ronnie Richardson*

RONNIE RICHARDSON

ALABAMA STATE HOUSE
ATTORNEY GENERAL
TROY KING
11 SOUTH UNION STREET
THIRD FLOOR
MONTGOMERY, ALABAMA. 36130

OFFICE OF CLERK
UNITED STATES COURTHOUSE DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA. 36101-0711



RONNIE RICHARDSON
W.C.D.C A-1-38
150 CAPITAL BANK DR
EPPS, LA 71237

LEGAL MAIL

OFFICE OF CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, AL 36101-0711